UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **STRIKE 3 HOLDINGS, LLC**, *Plaintiff*; vs. **JOHN DOE**, subscriber assigned IP address 24.193.77.49, *Defendant*. | CASE NO. 1:18-CV-0472-DLC  **ANSWER** |

For their answer to plaintiff's complaint filed Jan. 18, 2018 (ECF No. 1) defendant John Doe, identified by subscriber assigned IP address 24.193.77.49 says:

## I. ADMISSIONS & DENIALS

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1–3, 9, 11–22, 28–29, and 31–32, and therefore denies those allegations.

2. Defendant denies the allegations in paragraphs 4, 5, 8, 23–27, 30, and 33.

3. Defendant admits that paragraph 6 purports to set forth an action for copyright infringement under the U.S. Copyright Act, but specifically denies that plaintiff is entitled to such relief.

4. Defendant admits that this Court has subject matter jurisdiction over copyright infringement actions but specifically denies liability for such infringement, and denies knowledge that any such infringement occurred.



5. For their answer to paragraph 10 defendant admits that their residential address is within the territorial jurisdiction of this Court, but denies the remaining allegations, and denies that plaintiff is entitled to any relief.

6. For their answer to paragraph 34 defendant repeats their answers to paragraphs 1–33 as if fully re-written herein.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, and therefore denies the same.

8. Defendant denies the allegations in paragraphs 36–39, including all subparts, and denies that plaintiff is entitled to any relief whatsoever.

9. Defendant denies all allegations not specifically heretofore admitted.

## II. DEFENSES

### FIRST DEFENSE:

### UNCONSTITUTIONALITY OF DAMAGES

Upon information and belief, plaintiff sells subscriptions to its websites, which include unlimited access to its alleged copyrighted works for as little as $0.55 per day. Plaintiff's theory that it is entitled to statutory damages of $750 to $150,000 per title downloaded would lead to an unconstitutional construction of 17 U.S.C. § 504, and a result plainly violative of due process, since the damages awarded under any such theory would range from 1,363 times to 272,727 times the actual damages sustained.[1] Plaintiff's recovery of damages must be limited to $0.55 per incident of downloading or uploading proved, as any further recovery that might appear to be otherwise authorized by 17 U.S.C. § 504 against a single noncommercial user for a single copyrighted work for personal use, is

---

[1] *See, e.g.*, *Parker v. Time Warner Entertainment Co.*, 331 F.3d 13 (2d Cir. 2003); *UMG Recordings, Inc. v. Lindor*, 2006 WL 3335048 (E.D.N.Y. 2006); *In re Napster Inc.*, 2005 WL 1287611 (N.D. Cal. 2005).



barred as being in violation of due process.

## SECOND DEFENSE:
## UNCLEAN HANDS

Upon information and belief, the records referenced in exhibits A and B to the complaint were procured by IPP International U.G., an unlicensed investigator in this state, which constitutes the commission of a Class B Misdemeanor under N.Y. General Business Law § 70, and unlawful pretexting and invasion of defendant's privacy, by reason of which plaintiff—who procured and paid IPP to engage in these acts—has unclean hands.

## THIRD DEFENSE:
## NO INFRINGEMENT/LACK OF NOTICE

Defendant has not engaged in or contributed to any infringement of the copyrights alleged; furthermore, plaintiff is unable to prove that defendant's alleged activities even constituted an act of infringement because it cannot be demonstrated based on the evidence provided that they made a complete copy of the work(s) alleged by plaintiff. Defendant further states that they are not aware of any copyright infringement, and without admitting any liability for the same, upon information and belief state that some or all of plaintiff's works did not bear the requisite copyright notice.

## FOURTH DEFENSE:
## FAILURE TO JOIN AN INDISPENSABLE PARTY

Defendant asserts the affirmative defense of failure to join an indispensable party, insofar as plaintiff failed to conduct any significant investigation to truly identify the individual(s) who allegedly engaged in the downloading/sharing in question and who is/are



indispensable parties pursuant to Rule 12(b)(7) and 19 of the Federal Rules of Civil Procedure. Plaintiff has simply collected public IP addresses, identified who paid for the internet service, and then sued them in an effort to obtain a settlement for thousands of dollars. For failing to join the indispensable party, plaintiff's complaint should be dismissed with prejudice as to this defendant.

FIFTH DEFENSE:

DE MINIMIS NON CURAT LEX

Plaintiff's claim for copyright infringement is barred by the doctrine of de minimis non curat lex (the law cares not for trifle) a.k.a. de minimis use. Any infringing activity using defendant's internet connection was momentary at best, and plaintiff lacks evidence as to the extent and duration of the alleged infringing activity and whether it was proximately or indirectly caused by this defendant.

SIXTH DEFENSE:

FAILURE TO MITIGATE DAMAGES

Plaintiff has made no attempt to mitigate any actual or perceived damages, which defendant expressly denies; therefore, defendant requests dismissal of the complaint based on plaintiff's failure to mitigate.

EIGHTH DEFENSE:

LICENSE, CONSENT & ACQUIESCENCE

Plaintiff's claims are barred by implied license, consent, and acquiescence to defendant because plaintiff authorized use via BitTorrent.



### TENTH DEFENSE:
### LACK OF VOLITIONAL ACT

Plaintiff's claims are barred because the alleged infringement was not caused by a volitional act attributable to this defendant.

### ELEVENTH DEFENSE:
### ESTOPPEL

Plaintiff's claims are barred by the doctrine of estoppel. Without admitting any infringement, defendant alleges that although plaintiff knew the facts of any alleged file-sharing by defendant and/or others within proximity connection, plaintiff acted in such manner that defendant and/or third parties were entitled to, and did in fact believe that the continued availability of the copyrighted work on BitTorrent was intended by plaintiff, and any actions to download were induced by and done in reliance on plaintiff's conduct.

### TWELFTH DEFENSE:
### INTERVENING CAUSES

Without admitting plaintiff has sustained any injury or damages, and without admitting any liability whatsoever, defendant alleges that the injuries complained of and the damages sought by plaintiff were the direct and proximate result of certain independent actions of third parties over whom this defendant has no control. This defendant, therefore, is not liable for any of the damage that may have resulted therefrom.

**WHEREFORE** defendant respectfully demands a jury trial as to all issues so triable, after which judgment should be entered for defendant, and defendant should be awarded reasonable attorney's fees and costs as the prevailing party in this copyright action.



Respectfully submitted,

THE PRIVACY FIRM PC
*Counsel for Defendant*

Dated: 18-Jul-2018

By: *s/ Joseph A. Bahgat*
Joseph A. Bahgat (Pro Hac Vice Pending)
1701 Walnut Street Suite 70354
P.O. Box 37635
Philadelphia PA 19101-0635
+1 877-721-9027
joe@privacyfirm.law